**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CITY OF COLUMBUS, *et al.*, <br><br>     *Plaintiffs*, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., *et al.*, <br><br>     *Defendants*. | Case No. 1:26-cv-2215 |

**[PROPOSED] ORDER GRANTING STAY OF EFFECTIVE DATE**
**UNDER 5 U.S.C. § 705 AND PRELIMINARY INJUNCTION**

Upon consideration of Plaintiffs' Motion for Stay or Preliminary Injunction, and the parties' briefing thereon, it is hereby

**ORDERED** that the motion is **GRANTED**; and it is further

**ORDERED** that the effective dates of the following provisions of the final rule entitled "Patient Protection and Affordable Care Act; HHS Notice of Benefit and Payment Parameters for 2027; and Basic Health Program," 91 Fed. Reg. 29,256 (May 20, 2026), are **STAYED** pursuant to 5 U.S.C. § 705 pending a final ruling on the merits of this case:

1. The failure to reconcile policy in the rule's amendment of 45 C.F.R. § 155.305(f)(4), along with the previously version of 45 C.F.R. § 155.305(f)(4);

2. The mandatory verification policy for low-income enrollees in the rule's revisions to 45 C.F.R. § 155.320(c)(3)(iii)(A) and (c)(3)(vi)(C)(2);

3. The revocation of the option for enrollees to attest to their income in the rule's rescission of 45 C.F.R. § 155.320(c)(5);

4. The imposition of special enrollment period verification in the rule's revision to 45 C.F.R. § 155.420(g);

5. The expansion of maximum out-of-pocket limits in the rule's revision of 45 C.F.R. § 156.130(a)(2), addition of 45 C.F.R. § 156.136, and revision of 45 C.F.R. § 156.155(a)(3);

6. The expansion of eligibility for catastrophic plans in the rule's addition of 45 C.F.R. § 155.605(d)(1)(iv), along with the announcement of that expansion of eligibility in CMS, *Guidance on Hardship Exemptions for Individuals Ineligible for Advance Payment of the Premium Tax Credit or Cost-Sharing Reductions Due to Income* (Sept. 4, 2025);

7. The relaxation of network adequacy standards in the rule's revisions of 45 C.F.R. § 155.1050(a)(1) and (a)(2), addition of 45 C.F.R. §§ 155.1050(d) and 155.1051, revisions of 45 C.F.R. §§ 156.230 and 156.235, addition of 45 C.F.R. § 156.236, and revisions of 45 C.F.R. § 156.275(c)(2)(iv) and 45 C.F.R. § 156.810(a)(8); and

8. The elimination of the requirement to offer standardized plans and of the limitations on non-standardized plans in the rule's revisions of 45 C.F.R. §§ 155.20 and 155.205(b)(1) and rescission of 45 C.F.R. §§ 155.220(c)(3)(i)(H), 156.201, 156.202, and 156.265(b)(3)(iv); and it is further

**ORDERED** that the Defendants are preliminarily enjoined from implementing or enforcing the aforementioned policies, or any materially similar policy, pending a final ruling on the merits of this case.

**SO ORDERED**.


_____, 2026                                                            _____
                                                                                                              U.S. DISTRICT JUDGE