**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CITY OF COLUMBUS ET AL., | * | |
| Plaintiffs, | * | |
| v. | * | |
| | * | Civil No. 26-2215-BAH |
| ROBERT F. KENNEDY, JR. ET AL., | * | |
| Defendants. | * | |

* * * * * * * * * * * * * *

# ORDER

For the reasons stated in the accompanying memorandum opinion, it is, by the United States District Court for the District of Maryland, hereby

**ORDERED** that Plaintiffs' motion for a stay under 5 U.S.C. § 705 or, in the alternative, for a preliminary injunction, ECF 17, construed as a motion for a stay under 5 U.S.C. § 705, is **GRANTED**; and it is further

**ORDERED** that the effective dates of the following provisions of the final rule entitled "Patient Protection and Affordable Care Act; HHS Notice of Benefit and Payment Parameters for 2027; and Basic Health Program," 91 Fed. Reg. 29,256 (May 20, 2026), are **STAYED** pursuant to 5 U.S.C. § 705 pending a final ruling on the merits of this case:

(1) The failure to reconcile policy in the rule's amendment of 45 C.F.R. § 155.305(f)(4), the previous version of 45 C.F.R. § 155.305(f)(4) having been vacated;

(2) The mandatory verification policy for low-income enrollees in the rule's revisions to 45 C.F.R. § 155.320(c)(3)(iii)(A) and (c)(3)(vi)(C)(2);

(3) The revocation of the option for enrollees to attest to their income in the rule's rescission of 45 C.F.R. § 155.320(c)(5);

(4) The imposition of special enrollment period verification in the rule's revision to 45 C.F.R. § 155.420(g);

(5) The expansion of maximum out-of-pocket limits in the rule's revision of 45 C.F.R. § 156.130(a)(2), addition of 45 C.F.R. § 156.136, and revision of 45 C.F.R. § 156.155(a)(3);

(6) The expansion of eligibility for catastrophic plans in the rule's addition of 45 C.F.R. § 155.605(d)(1)(iv), along with the announcement of that expansion of eligibility in CMS, *Guidance on Hardship Exemptions for Individuals Ineligible for Advance Payment of the Premium Tax Credit or Cost-Sharing Reductions Due to Income* (Sept. 4, 2025);

(7) The relaxation of network adequacy standards in the rule's revisions of 45 C.F.R. § 155.1050(a)(1) and (a)(2), addition of 45 C.F.R. §§ 155.1050(d) and 155.1051, revisions of 45 C.F.R. §§ 156.230 and 156.235, addition of 45 C.F.R. § 156.236, and revisions of 45 C.F.R. § 156.275(c)(2)(iv) and 45 C.F.R. § 156.810(a)(8); and

(8) The elimination of the requirement to offer standardized plans and of the limitations on non-standardized plans in the rule's revisions of 45 C.F.R. §§ 155.20 and 155.205(b)(1) and rescission of 45 C.F.R. §§ 155.220(c)(3)(i)(H), 156.201, 156.202, and 156.265(b)(3)(iv).

It is **SO ORDERED.**

Dated: July 16, 2026

/s/
Brendan A. Hurson
United States District Judge